HINE *v.* MANHATTAN RY. CO. *et al.*

(*Superior Court of New York City, General Term.* November 3, 1890.)

APPEAL—REVIEW—HARMLESS ERROR.

In an action to enjoin the maintenance of defendants' elevated railroad in a street in front of plaintiff's premises, and for damages caused by its operation, error in permitting plaintiff to testify as to offers he had received for the property is not ground for reversal, when the amount fixed by the court as the value of the property appropriated is abundantly sustained by competent evidence.

Appeal from equity term.

Action by Charles S. Hine against the Manhattan Railway Company and the New York Elevated Railroad Company, to enjoin the maintenance of defendants' elevated railway in front of plaintiff's premises, No. 13 Bowery, New York city, and for damages caused by its operation. There was a judgment awarding plaintiff rental damages $8,267.50, and an injunction, unless defendants paid $12,500. Defendants appeal.

Argued before FREEDMAN and INGRAHAM, JJ.

*Davies & Rapallo,* (*Brainard Tolles,* of counsel,) for appellants. *Arnoux, Ritch & Woodford,* (*W. H. Arnoux,* of counsel,) for respondent.

INGRAHAM, J. The appellants relied on two exceptions taken to the admission of evidence. The first exception is to the ruling of the court, overruling an objection to a question asked of the plaintiff as to offers that he had received for the property in 1871 or 1872. That this evidence was incomplete to prove the value of the property is clear; but the value of the property in 1871 or 1872 was not the main issue involved in the case, and, while we think it was error to overrule the objection, it does not follow that the judgment should be reversed. As was said in *McGean v. Railroad Co.,* 22 N. E. Rep. 957: "The court must be satisfied, upon an examination of the whole case, that the appellant was prejudiced by the admission of the evidence to warrant a reversal." This was an action in equity for an injunction to restrain a continuing trespass. The evidence justified the judgment for an injunction, and, at the request of defendant, the court undertook to ascertain the value of the premises appropriated by the defendant, so that on the payment of the value of such property the injunction could be dissolved. The amount which the court fixed as the value of the property appropriated by the defendant was abundantly sustained by competent evidence. An examination of the case has convinced us that the defendant was not prejudiced by this testimony. The same may be said of the other testimony, an exception to the admission of which the defendant relies on. The defendants' witness Hawes also testified to the sale. There was a difference between them of only $500; Martine saying it sold for $29,000, and Hawes, the defendants' expert, saying that it sold for $29,500. Whether it was one or the other was evidently immaterial. The question as to the right of the plaintiff in a street opened during the occupation of this city by the Dutch is settled in this court, and we have nothing to do but follow former decisions. On the whole case, we think that no error was committed which calls for a reversal, and the judgment should be affirmed, with costs.